**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UAW et al.,

    Plaintiffs,

v.                              Case No. 05-CV-73991-DT

GENERAL MOTORS CORPORATION,

    Defendant.
                                                /

**ORDER DENYING "MOTION TO INTERVENE
LEROY HENRY MCKNIGHT AS PLAINTIFF"**

Pending before the court is a "Motion to Intervene Leroy Henry McKnight As Plaintiff." The motion has been fully briefed. Having reviewed the briefs, the court concludes that a hearing is unnecessary. E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

This case involves litigation initiated by Plaintiffs on October 18, 2005, when they filed their Complaint in the above-captioned matter.[1] On December 15, 2005, Plaintiffs filed a "Motion For Class Certification" and on December 16, 2005 the parties filed their "Joint Motion For Preliminary Approval of Class Action Settlement Agreement and Proposed Class Notice." On December 22, 2005, the court entered orders granting both motions. (*See* 12/22/05 Orders.)

---

[1] Plaintiffs filed their amended complaint on October 31, 2005.

Leroy Henry McKnight ("Applicant" or "McKnight") filed a motion to intervene as a plaintiff in this litigation on December 12, 2005. McKnight is a UAW retiree who "served for many years as Recording Secretary and Political Chair for UAW Local 1753 in Lansing, Michigan" and currently has a fully vested pension in excess of $8,000 annually. (Applicant's Mot. at ¶ 1.) McKnight proposes to intervene in the instant litigation in order to "contest . . . GM's proposed slashing of vested retiree health benefits." (*Id.* at 3.)

## II. STANDARDS

### A. Federal Rule of Civil Procedure 24(a)

Pursuant to Federal Rule of Civil Procedure 24(a):

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).

### B. Federal Rule of Civil Procedure 24(b)

Pursuant to Federal Rule of Civil Procedure 24(b):

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In

exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b).

### III. DISCUSSION

### A. Intervention as of Right

The criteria that must be satisfied before an intervention as of right, pursuant to Federal Rule of Civil Procedure 24(a), will be granted are: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.  *United States v. Tennessee*, 260 F.3d 587, 591-92 (6th Cir. 2001) (citing *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)).  "The applicant has the burden of demonstrating the four prongs, and the failure to satisfy any of the four prongs prevents the applicant from intervening as of right." *Johnson v. City of Memphis*, 73 Fed. Appx. 123, 131 (6th Cir. 2003) (citing *Linton v. Comm'n of Health & Env't*, 973 F.2d 1311, 1317 (6th Cir.1992)).  The court will review each prong in turn.

### 1. Timeliness

The Sixth Circuit has held that there are five factors that should be considered in determining the timeliness prong when considering a motion to intervene:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the

existence of unusual circumstances militating against or in favor of intervention.

*Id.* "The determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990) (internal citation omitted).

In the instant case, Plaintiffs filed their complaint on October 18, 2005 (and their amended complaint on October 31, 2005) and McKnight filed his motion to intervene on December 12, 2005, before Plaintiffs' December 15, 2005 "Motion to Certify Class" and the parties' December 16, 2005 "Joint Motion For Preliminary Approval of Class Action Settlement Agreement and Proposed Class Notice." Neither party has argued that McKnight's motion is untimely, and because McKnight filed his motion to intervene fewer than two months after Plaintiffs' amended complaint and three days before Plaintiffs' motion for class certification, there is no basis on which the court could reasonably determine that McKnight's motion is untimely.

### 2. Interest in the Case

McKnight argues that "GM retire[es] have an obvious interest in the transaction that is the subject of the pending action." (Applicant's Mot. at 5.)  Neither the UAW nor GM argues that McKnight does not have an interest in the pending action. Beyond the parties' failure to contest this issue, the court notes upon its independent review of McKnight's motion that McKnight has established that he has an interest in the case as he is a retiree in the class of persons who will be affected by the parties' settlement.

### 3. Impairment of the Applicant's Ability to Protect His Interest in the Absence of Intervention

McKnight argues that "absent intervention, his ability to protect his rights and the rights of similarly-situation GM retirees will be impaired." (Applicant's Mot. at 5.)  He contends that GM retirees "will have no vote whether to approve or disapprove the deal, and will have no opportunity to benefit from a truly arms' length non-collusive litigation." (*Id*. at 5.)  He also contends that "[t]he mutually cooperative relinquishment of the rights of retirees . . . is not an actual case or controversy." (*Id*. at 4.)  The court interprets McKnight's statements relating to "arms' length non-collusive litigation" and "the mutually cooperative relinquishment of the rights of retirees" as an assertion that the present litigation is the product of collusion between the parties.  In *Point Pleasant Canoe Rental, Inc. v. Tinicum Tp.*, 110 F.R.D. 166 (E. D. Pa. 1986), the court set forth a useful summary of collusion:

> Collusion has been defined to mean the following: An agreement between two or more persons to defraud a person of his rights by the forms of law, or to obtain an object forbidden by law.  It implies the existence of fraud of some kind, the employment of fraudulent means, or of lawful means for the accomplishment of an unlawful purpose.  A secret combination, conspiracy or concert of action between two or more persons for fraudulent or deceitful purpose.

*Id*. at 169 (citing Black's Law Dictionary 240 (5th ed. 1979)).  The fact that negotiations are conducted outside of the public eye, does not make a settlement agreement collusive as "[i]ntense negotiations . . . must proceed with a limited number of actors." *Id*. at 170.  McKnight has offered no independent facts that would support a finding of collusion on the part of the parties currently in the case.  Moreover, the court observes that in Plaintiffs' October 18, 2005 "Motion to Set Scheduling Conference," which was

filed on the public record, Plaintiffs stated that they "anticipate[d] that this lawsuit [would] be settled," the parties "ha[d] reached a tentative agreement," they "[would] engage in continued negotiations aimed at finalizing a detailed settlement agreement," "counsel for the class representatives and the proposed class [would] analyze the agreement and additional information in order to determine whether it is fair, reasonable, and adequate," and "[a]ssuming a satisfactory conclusion to these tasks, class counsel would then move for class certification under Rule 23(c)." (Pls.' 10/18/05 Mot. at 2.) The parties appear to have been open about their ultimate intentions in this lawsuit.

Moreover, the court cannot find that there is an absence of an actual case or controversy merely because the parties have chosen to work toward a settlement to avoid the risks and uncertainties inherent in any litigation. The fact that the parties negotiated a settlement before the class was certified does not establish collusion. In *In re Asbestos Litigation*, 90 F.3d 963 (5th Cir. 1996), *rev'd on other grounds sub nom. Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), the court held that the fact that "the parties in Ahearn filed their proposed settlement agreement on the same day as the plaintiff class filed its complaint [and] clearly did not intend to litigate the complaint" did not "change the adversarial nature of the disputes which the settlement resolves and does not contradict the district court's finding that settlement negotiations were heated, difficult and conducted at arm's length." *Id.* at 988. Instead, the court held that "[t]he intervenors are apparently asking us to hold that the suit is either moot or collusive simply because it was filed at the same time as a settlement requiring court approval. Neither of these conclusions is supportable." *Id.* Likewise, in the instant case, there have been no facts presented that establish collusion between the parties presently

before the court. McKnight has not established that he is unable to protect his interest in the absence of intervention.

### 4. Adequacy of Representation of McKnight's Interest By The Parties Presently Before the Court

Moreover, "[a]pplicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit." *United States v. Michigan*, 424 F.3d 438, 444-45 (6th Cir. 2005). More specifically,

> The proposed intervenors bear the burden of demonstrating inadequate representation. *Meyer Goldberg, Inc. of Lorain v. Goldberg,* 717 F.2d 290, 292 (6th Cir. 1983). Some of the factors to be considered in determining whether representation is adequate are stated in *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227-28 (6th Cir. 1984): (1) if there is collusion between the representative and an opposing party; (2) if the representative fails in the fulfillment of his duty; and (3) if the representative has an interest adverse to the proposed intervenor. It is the last factor that must be considered in this case. The burden placed on the would-be intervenor requires "overcom[ing] the presumption of adequacy of representation that arises when the proposed intervenor and a party to the suit . . . have the same ultimate objective."

*Purnell v. City of Akron*, 925 F.2d 941, 949-50 (6th Cir. 1991). "An applicant for intervention fails to meet his burden of demonstrating inadequate representation 'when no collusion is shown between the representatives and an opposing party, when the representative does not have or represent an interest adverse to the proposed intervenor, and when the representative has not failed in its fulfillment of his duty.'" *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987). "A mere disagreement over litigation strategy or individual aspects of a remediation plan does not, in and of itself, establish inadequacy of representation." *Id*. "Representation is not inadequate simply because 'the applicant would insist on more elaborate . . . pre-settlement procedures or

7

press for more drastic relief' or where the applicant and the existing party have different views on the facts, the applicable law, or the likelihood of success of a particular litigation strategy." *United States. v. City of New York*, 198 F.3d 360, 367 (2nd Cir. 1999) (citations omitted).

McKnight baldly asserts that "the rights of [McKnight] and similarly situated GM retirees are not being protected by the existing parties" and "all of the individual plaintiffs were hand-picked by the UAW and all are representatives of certain local UAW retired workers councils." (Applicant's Mot. at 5-6.) However, as a GM retiree who relies on GM retiree medical benefits, the putative intervenor shares the same objective of the class representatives, namely that retirees continue to be provided with high quality and financially feasible health benefits. In addition, McKnight has not demonstrated that Plaintiffs' current representation is inadequate; indeed, in previous briefing Plaintiffs have well established the depth and breadth of relevant legal experience possessed by their counsel in William Payne, Esq., and other members of Plaintiffs' legal team. The court will deny McKnight's request to intervene as of right.

### B.  Permissive Intervention

In his motion, McKnight alternatively argues that the Sixth Circuit "follows a broad and 'permissive' approach to intervention." (Applicant's Mot. at 8.) Rule 24(b) grants "the district court discretionary power to permit intervention if the motion is timely" and if the "applicant's claim or defense and the main action have a question of law or fact in common." *Purnell*, 925 F.2d at 950-951. "[A] charge of abuse of discretion in the denial of a motion for permissive intervention appears to be almost untenable on its face when an appellant has other adequate means of asserting her rights." *Head v. Jellico*

*Housing Authority*, 870 F.2d 1117, 1124 (6th Cir. 1989) (citations omitted).  In the instant case, McKnight and other putative intervenors are able to file objections to the proposed settlement, which many have already done, and thereby have adequate means to assert their points of view, and their rights.  For this reason and the reasons stated above, the court will deny permissive intervention to McKnight.

## IV.  CONCLUSION

IT IS ORDERED that McKnight's "Motion to Intervene Leroy Henry McKnight As Plaintiff" [Dkt. # 22] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 13, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\05-73991.UAW.GM.DenyingMotionToIntervene.3.wpd