UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UAW et al.,

    Plaintiffs,

v.                                  Case No. 05-CV-73991-DT

GENERAL MOTORS CORPORATION,

    Defendant.
                                                  /

**ORDER DENYING "MOTION FOR RECONSIDERATION OF PROVISIONAL CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT BY PROPOSED INTERVENOR LEROY MCKNIGHT"**

Pending before the court is a "Motion for Reconsideration of Provisional Class Certification and Preliminary Approval of Class Action Settlement By Proposed Intervenor Leroy McKnight." The court has determined that no hearing is required. E.D. Mich. LR 7.1(g)(2). For the reasons stated below, the court will deny the motion.

### I.  BACKGROUND

This case involves litigation initiated by Plaintiffs on October 18, 2005, when they filed their Complaint in the above-captioned matter.[1] On December 15, 2005, Plaintiffs filed a "Motion For Class Certification" and on December 16, 2005 the parties filed their "Joint Motion For Preliminary Approval of Class Action Settlement Agreement and Proposed Class Notice." On December 22, 2005, the court entered orders granting both motions. (*See* 12/22/05 Orders.)

---

[1]Plaintiffs filed their amended complaint on October 31, 2005.

The motion before the court was initiated by Leroy Henry McKnight ("Applicant" or "McKnight").  McKnight previously filed a motion to intervene as a plaintiff in this litigation, which the court denied on February 13, 2006.  The court will take up McKnight's motion for reconsideration of the provisional approval of class certification as the motion was filed before the court had determined to not permit his intervention, and filed partly at the court's invitation when the court did not permit counsel for McKnight to interpose certain objections.

## II.  STANDARD

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

## III.  DISCUSSION

In his motion for reconsideration, McKnight asks the court to "revoke its [December 22, 2005] [o]rders granting class certification and preliminary approval." (McKnight's Mot. at 3.)  McKnight asserts that the defect in the court's December 22, 2005 orders which requires reconsideration is the court's alleged failure to follow the

*Ortiz v. Fibreboard*, 527 U.S. 815 (1999) and *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) holdings. McKnight asserts that the *Amchem* Court "expressly and caustically rejected the practice of approval of settlement classes without detailed scrutiny on the record of all terms of settlement and the potential conflicts of interest giving rise to the proposed settlement." (*Id.*) McKnight argues that the procedure employed in this case violates this dictate in *Amchem* because "[t]here is not [a] hint in all of the voluminous briefs of the various settling parties that [c]lass counsel participated in the GM/UAW pre-suit negotiations producing their settlement agreement . . ., that [c]lass counsel accomplished [any] improvement for . . . the retirees or, . . . that [c]lass counsel ever made [an] attempt to do so." (*Id.* at 4.) He also contends that "[t]he record is barren of any showing regarding by whom [c]lass counsel was brought into this matter." (*Id.*)

In addition, McKnight contends that the instant case is analogous to the facts of *Fibreboard* where the Court "devoted much of its attention to the impropriety of the district court's approval of a mandatory settlement-only class in the fact of inadequately explored concerns raised by the intervenor/objectors as to conflicts of interest among factions of the proposed class." (*Id.* at 5.) McKnight argues that "the proposed settlement favors present employees at the expense of retirees, and [c]lass counsel's role was limited to reviewing and supporting the pre-suit negotiation position of the UAW (which represents only present employees) without undertaking any meaningfully adversarial fight for the retirees." (*Id.*) More specifically, McKnight argues that "[t]his litigation involves three distinct parties with conflicting interests: GM, the current employees of GM ("UAW/Current Employees"), and GM retirees ("GM retirees").

3

However, the proposed settlement of this class action was a result of negotiations between only two of the parties to this litigation – GM and UAW/Current Employees." (*Id.* at 5-6.)  McKnight maintains that "the only role of the Class Representatives and Class Counsel was an after the fact, rushed review of documents."  (*Id.* at 8.)  Furthermore, McKnight contends that "the record is absolutely devoid of any evidence that, after the settlement was reached between GM and the UAW, Class Counsel or the Class Representatives sought to negotiate any changes to the proposed settlement, . . . or sought to decrease the amount of cost savings to GM that would be borne by GM Retirees relative to the cost savings that would be contributed by Current GM Employees."  (*Id.* at 9.)

McKnight also argues that there are "due process problems with [a] non-opt out class involving damage claims" and GM's "notice is misleading" in its description of "the background of the litigation and settlement," "the likely cost to class members" and "a class member's options concerning the settlement."  (*Id.* at 20, 23-24.)

Essentially, McKnight is arguing that Class Counsel is being driven by corrupt motives and has not endeavored adequately to represent the interests of retirees nor addressed certain alleged intraclass conflicts.  McKnight, however, does not present any evidence that Class Counsel is not properly representing the interests of their clients, nor does he identify any defect in Class Counsel's qualifications.[2]  Moreover, the class is homogenous as it is made up entirely of retirees.  Therefore, McKnight has not

---

[2]Class Counsel demonstrates in a response brief that speculation relating to motives can be focused on McKnight's counsel as well, as they will be compensated by "taking as their fee a portion of Class members' benefits, rather than a[n] . . . hourly fee to be paid by GM."  (Pls.' Resp. at 10.)

4

established that the court's finding that counsel will "fairly and adequately represent the interests of the class, in consideration of the work counsel has done in identifying . . . potential claims in this action, counsel's experience in handling class actions, . . . , counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class" was incorrect.  (12/22/05 Order Granting "Motion for Certification" at ¶3.)

Relating to McKnight's objection that the proposed settlement in this case is necessarily inadequate because it was negotiated in advance, the court noted in its December 22, 2005 "Order on Joint Motion For Preliminary Approval of Class Action Settlement Agreement and Proposed Class Notice" that, based on the parties' initial showing of fairness in the settlement, the settlement agreement was preliminarily approved.  In that same order, the court directed GM to provide notice of the proposed settlement agreement to the Class, which GM has since done.  Essentially, McKnight is second-guessing the court's *preliminary* acceptance of the parties' proposed settlement, despite the fact that the court has allotted two days for a Fairness Hearing to be conducted on March 6 and 7, 2006.  McKnight's argument that the proposed settlement is unfair, however, does not constitute a palpable defect.

It is also significant that *Fibreboard* case does not control in this matter as it applied to limited fund actions brought under Federal Rule of Civil Procedure 23(b)(1)(B).  *Fibreboard*, 527 U.S. at 830 (emphasis added) (holding that "[t]he nub of this case is the certification of the class under Rule 23(b)(1)(B) on a *limited fund rationale*.")  Moreover, even if *Fibreboard* did apply to the instant case, that case involved tremendous intraclass conflicts that McKnight has not shown to be present

5

here, as the present class is made up entirely of retirees.  *Id*. at 831-32 (holding that "the District Court took no steps at the outset to ensure that the potentially conflicting interests of easily identifiable categories of claimants be protected by provisional certification of subclasses.").

Therefore, in addition to the court's recognition that McKnight is not a party, his motion for intervention having been denied, he has not demonstrated a palpable defect at this stage of the litigation, and the court will deny the motion.

### IV.  CONCLUSION

IT IS ORDERED that McKnight's "Motion for Reconsideration [Dkt. # 41] is DENIED.


       S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  February 22, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 22, 2006, by electronic and/or ordinary mail.

       S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522


S:\Cleland\JUDGE'S DESK\Odd Orders\05-73991.UAW.GM.DenyingMotionForReconsideration.2.wpd