**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UAW et al.,

       Plaintiffs,

v.                                                                    Case No. 05-CV-73991-DT

GENERAL MOTORS CORPORATION,

       Defendant.

_____/

**ORDER REJECTING EVIDENTIARY OBJECTIONS BY
MCKNIGHT GROUP OF OBJECTORS**

Pending before the court is Leroy H. McKnight's ("McKnight's") "Evidentiary

Objections by McKnight Group of Objectors to Consideration by Court of Certain

Declarations Submitted by the Parties in Connection with the March 6, 2006 Fairness

Hearing."[1]  The court has reviewed the briefing in this matter and concludes that no

hearing is required.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the

court will reject McKnight's several evidentiary objections.

**I.  INTRODUCTION**

The court conducted a fairness hearing in the above-captioned matter on March

6, 2006.  On March 10, 2006, McKnight filed evidentiary objections relating to the

declarations that the settling parties submitted in support of their proposed settlement.

Defendant General Motors Corporation ("General Motors") filed its response on March

16, 2006 and Plaintiff UAW and Plaintiff Class filed their responses on March 17, 2006.

---

[1]As an objector, McKnight does not have the same standing as a *party* in presenting his evidentiary objections.  The court, however, will analyze his objections for the sake of clarifying the record.

## II.  STANDARD

"[A] district court's role in evaluating a private consensual agreement 'must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.'"  *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of America, AFL-CIO*, 803 F.2d 878, 880 (6th Cir. 1986) (quoting *Officers For Justice v. Civil Serv. Comm'n, etc.,* 688 F.2d 615 (9th Cir. 1982)); *see also Berry v. Sch. Dist. Of Benton Harbor*, 184 F.R.D. 93, 97 (W.D. Mich. 1998) (quoting *Little Rock Sch. Dist. v. Pulaski County Spec. Sch. Dist. No. 1*, 921 F.2d 1371, 1388 (8th Cir. 1990) ("The court's role  … 'is properly limited to the minimum necessary to protect the interests of the class and the public'"); Fed. R. Civ. P. 23(e)(1)(C) (a court may approve a class settlement on finding that it is "fair, reasonable, and adequate").

Because the very point of compromise is to avoid determining sharply contested issues and the waste and expense of litigation, the court should not "decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981); *see also City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974) (the trial court does not "have the right or the duty to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute"). The court must not engage in the "'detailed and thorough investigation that it would undertake if it were actually trying the case.'" *Berry*, 184 F.R.D. at 98 (quoting *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 315 (7th Cir. 1980)); *see also* Fed. Prac. & Proc. § 1797.5 ("The court may not try disputed issues in the case since the whole

purpose behind a compromise is to avoid a trial. . . .  Rather the judge is restricted to determining whether the terms proposed are fair and reasonable.").

In evaluating a proposed class settlement, the court "may limit the fairness hearing 'to whatever is necessary to aid it in reaching an informed, just and reasoned decision.'"  *Tenn. Ass'n of Health Maint. Orgs. v. Grier,* 262 F.3d 559, 567 (6th Cir. 2001) (quoting *United States v. Oregon*, 913 F.2d 576, 582 (9th Cir. 1990)); *Flinn v. FMC Corp.*, 528 F.2d 1169, 1172-73 (4th Cir. 1975); *Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 467 (S.D. Fla. 2002) ("[e]ven when the [c]ourt becomes aware of one or more objecting parties, the [c]ourt is not 'required to open to question and debate every provision of the proposed compromise.'") (quoting *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)); 4 Newberg on Class Actions § 11:57 (4th ed.) ("The court, in its discretion, may limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement.").

### III.  DISCUSSION

#### A.  Hearsay Objection

McKnight objects to the declarations and reports presented by the settling parties, arguing that they constitute hearsay.  McKnight asserts that the "'evidence' submitted by [the] settlement proponents, supposedly to support showing fairness of the settlement, consisting of hearsay declarations from the class representatives, experts and officers/employees of GM and UAW, none of whom . . . attend[ed] either the preliminary approval hearing or the final fairness hearing, should be stricken." (McKnight's Mot. at 5.)  McKnight further complains that "[t]he settlement proponents

3

presented no live evidence at the hearing.  Rather, they inappropriately relied on the declarations/affidavits of the Class Representatives, the officers/employees of UAW and GM and their experts." (*Id.* at 6.)  McKnight also contends that "[t]hese hearsay declarations/affidavits . . . cannot be considered by th[e] [c]ourt in evaluating the settlement and the class certification–except to the extent that they are admissible as party admissions." (*Id.* at 8.)  In addition, McKnight asserts that the "declarations appear to imply that the UAW hired Mr. Payne before the Class Representatives hired or even knew about Mr. Payne, and that Mr. Payne endorsed the settlement to the [c]ourt before communicating that endorsement or obtaining his clients' acquiescence in that endorsement on December 7, 2005 (*see e.g.* Richard Ruppert Decl. at ¶¶42, 43, explaining that the proposed settlement was negotiated by UAW, and that the class representatives were then hand-picked by the UAW and connected by the UAW with Class Counsel for the purpose of implementing the strategy of interposing a class action lawsuit 'against' GM)." (*Id.* at 7-8.)  McKnight argues, therefore, that:

> Each of these declarations are hearsay because they are out of court statements, not subject to scrutiny, offered by the [s]ettlement [p]arties for the purpose of proving the truth of the matter asserted- - that the terms of the settlement are fair, adequate, and reasonable and that the class representatives/class counsel provided adequate representation and [are] not suffering from any conflicts of interest or limitations or impairments that would prevent them from adequately representing the class.

(*Id.* at 8-9.)

The court notes at the outset that the purpose of a fairness hearing is to provide the court with sufficient evidence for it to make an informed decision relating to the fairness of the proposed settlement.  The court has the discretion to require any live testimony or documentation it believes would serve the court in its determination and

may exclude all unnecessary information.  Indeed, in *Tenn. Ass'n of Health Maint.*

*Orgs., Inc.,* our Circuit specifically held that:

> [W]e reject intervenors' suggestion at oral argument that the fairness
> hearing must entail the entire panoply of protections afforded by a
> full-blown trial on the merits. The principles articulated above belie such an
> approach.  The fairness hearing is a forum for the intervenors to voice
> their objections; however, the district court has the discretion to limit the
> fairness hearing, and the consideration of those objections, so long as
> such limitations are consistent with the ultimate goal of determining
> whether the proposed settlement is fair, adequate and reasonable.

*Tenn. Ass'n of Health Maint. Orgs., Inc.,* 262 F.3d at 567*; see also Handschu v. Special*

*Serv. Div.*, 787 F.2d 828, 834 (2d Cir. 1986) ("The district court correctly concluded that

it would be inconsistent with the salutary purposes of settlement to conduct a full trial in

order to avoid one.")

In *Newby v. Enron Corp.*, 394 F.3d 296 (5th Cir. 2004), affirming the district

court's approval of a settlement, the Fifth Circuit held that:

> The district court admitted several sets of objections and responses,
> conducted a settlement hearing in July, and had a separate fairness
> hearing in October.  Only then did the court issue findings of fact and
> conclusions of law in November.  The record contains, in addition to the
> entire consolidated complaint, all of these sworn statements, opinions of
> counsel, objections, responses, and hearing transcripts.  The proposition
> that the district court made its findings based on a malnourished record
> borders on being frivolous or even absurd.

*Id*. at 307.  McKnight's reliance on certain statements in the Seventh Circuit's opinion in

*Mars Steel Corp. v. Cont'l Bank, N.A.*, 880 F.2d 928 (7th Cir. 1989) does not persuade

the court that it should ignore the line of cases described above.  The *Mars Steel Corp.*

court did in fact state that "[n]o case of which we are aware holds that Rule 1101(d)

suspends the usual rules of evidence for fairness hearings; no case expressly holds that

affidavits are admissible in such hearings, although several cases mention their use

without deciding the propriety of that use." *Id.* at 938 (citing *e.g. Handschu*, 787 F.2d at 834).  However, besides the fact that the *Mars Steel Corp.* court's comments about Rule 1101(d) do not constitute a holding, and that even if the comments were a holding it would not be binding on this court, the Seventh Circuit did not hold that a district court may not consider declarations, affidavits, or other reports in reviewing a proposed settlement.

Moreover, McKnight's argument that "[t]he Federal Rules of Evidence 'govern proceedings in the courts of the United States . . . [subject to] the exceptions stated in Rule 1101'" is not completely accurate.  (McKnight's Mot. at 5.)  Pursuant to Wright and Miller's *Federal Practice and Procedure*, "Subdivision (d) is not a complete list of the situations in which the Evidence Rules are inapplicable. . . .  [S]ince subdivision (d) does not purport to be an exclusive list, there may be other proceedings within the scope of subdivisions (a) and (b) where the Evidence Rules do not apply."  Fed. Prac. & Proc. § 8077.  In addition, the Federal Rules of Evidence explicitly state that "[t]hese rules apply *generally* to civil actions and proceedings."  Fed. R. Evid. 1101(b) (emphasis added).  Moreover, the *United States v. Zannino*, 1985 WL 2305 (D. Mass June 5, 1985) court held that "although defendant argues vehemently that unless Congress provides for an exception to the Federal Rules, the Federal Rules of Evidence must be applied, the [c]ourt is unconvinced."  *Id.* at *3.  The *Zannino* court further held that:

> [T]he nature of the hearing, i.e., to obtain sufficient information in order to make a fair and just decision, required that the [c]ourt gather the maximum aggregate of relevant information.  Furthermore, any information received by the [c]ourt which under the rules of evidence would be inadmissible hearsay, would be given the proper weight as appropriate according to the reliability of the information; it must be stressed that this hearing was conducted before the [c]ourt and not a jury.

*Id.*

In sum, a fairness hearing is not a trial, but instead has a very singular and narrow purpose - to determine whether the settlement at issue is fair, reasonable, and adequate.  Historically, courts have commonly relied on affidavits, declarations, arguments made by counsel, and other materials in the record without also requiring live testimony.  McKnight does not persuade the court that the various forms of the materials provided as evidence constitutes an insufficient record to provide the court with a foundation to determine whether the settlement at issue should be approved.

### B.  Objection Under Federal Rule of Evidence 702

McKnight also argues that "[t]he [c]ourt should also exclude the expert declarations of Mulvey, Lazard, and Milliman (Docket Entries 1358 (filed under seal), 1360), because they fail to comport with Rule 702 of the Federal Rules of Evidence as applied by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Company, Limited v. Carmichael*, 526 U.S. 137 (1999)."  (McKnight's Mot. at 9.)  McKnight maintains that "none of the expert declarations, reports or accompanying exhibits proferred by the [s]ettlement [p]arties contained an adequate description of the facts and data analyzed and relied upon by each expert, or the principles and methods adopted and applied to such facts and date by each expert." (*Id.* at 10-11.)  McKnight also maintains that "[g]iven the paucity of expert material proffered by the [s]ettlement [p]arties, it is hard to imagine how the [c]ourt could reach a reasoned decision, supported by the record, that these declarations are admissible under Rule 702."  (*Id.* at 11.)  McKnight also argues that there is an issue of relevance

relating to the Gleason report. (*Id.* at 13.)

The instant matter is not, of course, a trial. Even if it were, it is well-known among experienced attorneys and judges that, at bench trial proceedings, evidence is often presented in a manner somewhat less formal than that used when a jury is empaneled. The trial judge sitting alone is presumed capable of weighing evidence to sift the important from the unimportant, and even the admissible from the inadmissible when those are intertwined in a way that might counsel excluding the same evidence from consideration by a lay jury. Similarly here, for the reasons stated above, the court perceives no need to apply Federal Rule of Evidence 702 in the most stringent possible manner. However, even if Rule 702 were applied, the methodology underpinning the declarations at issue appear to meet the standard established in *Daubert*.[2] McKnight makes no persuasive contrary showing in his challenge to the methodology that the declarants utilized in preparing their declarations.

### C. Objection Under Rule 26(a)(2)

---

[2]    "Faced with a proffer of expert . . . testimony under Rule 702, the trial judge, pursuant to Rule 104(a), must make a preliminary assessment of whether the testimony's underlying reasoning or methodology is scientifically valid and properly can be applied to the facts at issue. Many considerations will bear on the inquiry, including whether the theory or technique in question can be (and has been) tested, whether it has been subjected to peer review and publication, its known or potential error rate and the existence and maintenance of standards controlling its operation, and whether it has attracted widespread acceptance within a relevant scientific community. The inquiry is a flexible one, and its focus must be solely on principles and methodology, not on the conclusions that they generate."

*Daubert*, 509 U.S. at 580.

McKnight also argues that "[t]he expert declarations and 'reports' of Mulvey, Lazard, and Milliman should also be excluded under Federal Rule of Civil Procedure 37, because the [s]ettlement [p]arties failed to comply with the mandatory disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)."  (McKnight's Mot. at 15.) McKnight asserts that "[s]ince the [s]ettlement [p]arties failed to comply with Rule 26(a)(2) by providing expert reports containing the data and facts considered by each expert in forming their respective opinions, the [c]ourt should exclude their testimony by affidavit from its consideration of the fairness, adequacy and reasonableness of the proposed settlement."  (*Id.* at 16-17.)

First, Rule 26 is a *trial*-oriented discovery rule and disclosures under the rule are required only "at the times and in the sequence directed by the court" or "at least 90 days from the trial date or the date the case is to be ready for trial," *see* Fed. R. Civ. P. 26(a)(2)(C).  Also, Rule 26(a)(2)(A) states that: "In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence."  Fed. R. Civ. 26(a)(2)(A).  As the court denied McKnight's motion to intervene on February 13, 2006, McKnight is not a party to this case and has no absolute right to discovery and no trial was conducted in this matter.  Accordingly, the court will reject McKnight's objections.

## IV.  CONCLUSION

IT IS ORDERED that McKnight's "Evidentiary Objections By McKnight Group of Objectors to Consideration By Court of Certain Declarations Submitted By the Parties In Connection With the March 6, 2006 Fairness Hearing" [Dkt. # 1392] are REJECTED.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  March 31, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2006, by electronic and/or ordinary mail.


 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522